USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLASSIC MARITIME INC., HAIKUO SHIPPING 1621 LTD., OCEANSURF OWNERS LTD., and ERWINA SHIPPING LTD.,

Plaintiffs,

-against-

GLENCORE SINGAPORE PTE LTD,

Defendant.

1:24-cv-9741-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Classic Maritime Inc. ("Classic") initiated this action with the filing of a Complaint. [ECF No. 1]. In response to a letter to the Court filed by Defendant Glencore Singapore PTE LTD ("GSPL") seeking a pre-motion conference on an anticipated motion to dismiss, [ECF No. 13], the Court in an Order set conditional briefing schedules contingent upon a decision by GSPL whether or not to amend its complaint. [ECF No. 16]. In that Order, the Court indicated that this would "**be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters.**" *Id.* at 1 (emphasis original). Plaintiff filed an amended complaint that added as defendants Haikuo Shipping 1621 Ltd., Oceansurf Owners Ltd., and Erwina Shipping, Ltd. (the "Vessel Owners"). [ECF No. 18].

Defendant moved to dismiss Plaintiffs' claims. [ECF No. 22]. The Court granted the motion to dismiss as to all claims, but afforded Plaintiffs the opportunity to "file a further amended complaint solely with regard to breach of contract within three weeks" of February 10, 2026. [ECF No. 52] at 16. When Plaintiffs failed to do so, the Court issued an Order indicating that, "[i]f Plaintiffs [had] not filed an amended complaint by March 17, 2026, absent a showing of good

cause, the Court's dismissal of the breach of contract claim [would] be deemed to have been with prejudice." [ECF No. 53].

To date, Plaintiffs have neither filed an amended complaint nor made any submission whatsoever on the docket that could be construed as a request for an extension of time or a showing of good cause. Accordingly, Plaintiffs have waived their opportunity to further amend their already-amended complaint with respect to breach of contract, and the Court's prior dismissal of the breach of contract claim is deemed to have been with prejudice.

Because all of Plaintiffs' other claims have already been dismissed without leave to amend, the Clerk of Court is respectfully requested to terminate all outstanding docket entries[1] and to close this case.

**SO ORDERED.**

**Date:  March 19, 2026**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] These include docket entry numbers 45 and 50, both of which concern discovery issues that have been mooted by the dismissal of Plaintiffs' claims.

2